IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| QUAIZEL M. WEBB, | : | |
| | : | |
| Plaintiff, | : | |
| VS. | : | NO. 5:21-CV-00058-MTT-CHW |
| | : | |
| OFFICER MIKE THOMPSON, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

## ORDER

Plaintiff Quaizel M. Webb, a prisoner most recently confined in the Baldwin County Jail in Milledgeville, Georgia, has filed a document that has been construed as a *pro se* Complaint seeking relief under 42 U.S.C. § 1983 (ECF No. 1). On May 14, 2021, Plaintiff was ordered to recast his Complaint on the Court's standard § 1983 form and to pay the Court's filing fee or move to proceed *in forma pauperis*. Plaintiff was given twenty-one (21) days to comply, and he was warned that the failure to fully and timely comply with the Court's orders and instructions would result in the dismissal of his Complaint. *See generally*, Order, May 14, 2021, ECF No. 3.

The time for compliance passed with no response from Plaintiff. As such, Plaintiff was ordered to respond and show cause why his lawsuit should not be dismissed for his failure to comply with the Court's previous orders and instructions. Plaintiff was again given twenty-one (21) days to comply, and he was warned that the failure to respond would result in the dismissal of his Complaint. *See generally* Order, July 2, 2021, ECF No. 4.

The time for compliance has again passed without a response from Plaintiff, and the show cause order was recently returned to the Court as undeliverable with a notation indicating Plaintiff is no longer in jail (ECF No. 5). A search of the Georgia Department of Corrections' online offender query system does not reveal Plaintiff's current whereabouts. http://www.dcor.state.ga.us/GDC/Offender/Query (searched "Webb, Quaizel") (last accessed Aug. 9, 2021). Plaintiff has failed to comply with the Court's instructions and orders and otherwise failed to diligently prosecute his claims, and this action cannot proceed if the Court does not have a current mailing address for Plaintiff. As such, this action is **DISMISSED without prejudice**. *See* Fed. R. Civ. P. 41; *see also Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)). Although it may be an exercise in futility, the Clerk is **DIRECTED** to mail a copy of this Order to Plaintiff's last known mailing address.[1]

---

[1] It is unclear from Plaintiff's Complaint whether the statute of limitations may have run or is about to run on his claims. "[W]here a dismissal without prejudice has the effect of precluding the plaintiff from re-filing his claim due to the running of the statute of limitations, it is tantamount to a dismissal with prejudice." *Stephenson v. Doe*, 554 F. App'x 835, 837 (11th Cir. 2014) (citing *Justice v. United States*, 6 F.3d 1474, 1482 n.15 (11th Cir. 1993)). If this dismissal is effectively with prejudice, dismissal is nonetheless appropriate because "a clear record of delay or willful misconduct exists, and . . . lesser sanctions are inadequate to correct such conduct." *Stephenson*, 554 F. App'x at 837 (citations omitted). The Court ordered plaintiff to comply with its orders and instructions on more than one occasion and specifically warned Plaintiff each time that failure to comply would result in dismissal of this action. Thus, even though this dismissal is intended to be without prejudice, dismissal with prejudice would also be appropriate. *See Hickman v. Hickman*, 563 F. App'x 742, 744 (11th Cir. 2014) (per curiam) (upholding *sua sponte* dismissal with prejudice for failure to properly respond to the district court's order); *Eades v. Ala. Dep't of Human Res.*, 298 F. App'x 862, 864 (11th Cir. 2008) (per curiam) (same).

**SO ORDERED**, this 17th day of August, 2021.

                                        S/ Marc T. Treadwell
                                        MARC T. TREADWELL, CHIEF JUDGE
                                        UNITED STATES DISTRICT COURT